IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE ALLEN HODGES,

    Plaintiff,                    No. 2:08-cv-2136-JFM (PC)

  vs.

JOHN HARRISON, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

1  v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting
2  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
3  court must accept as true the allegations of the complaint in question, Erickson, id., and construe
4  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974).

6       Plaintiff has named a California parole agent and several officers with the
7  Redding Police Department as defendants in this action.  The court finds the allegations in
8  plaintiff's complaint against the police offers so vague and conclusory that it is unable to
9  determine that those allegations state a cognizable claim for relief against the named officers.
10 For that reason, the court will not order service of process on any of the Redding Police Officers.
11      The complaint states a cognizable claim for relief against parole agent John
12 Harrison pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the
13 complaint against defendant Harrison are proven, plaintiff has a reasonable opportunity to prevail
14 on the merits of this action.

15      In accordance with the above, IT IS HEREBY ORDERED that:
16      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
17      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
18 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
19 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
20 Director of the California Department of Corrections and Rehabilitation filed concurrently
21 herewith.
22      3.  Service is appropriate for the following defendant:  John Harrison.
23      4.  The Clerk of the Court shall send plaintiff one USM-285 forms, one summons,
24 an instruction sheet and a copy of the complaint filed September 11, 2008.
25      5.  Within thirty days from the date of this order, plaintiff shall complete the
26 attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for the defendant listed in number 3 above; and

d. Two copies of the endorsed complaint filed September 11, 2008.

6. Plaintiff need not attempt service on defendant Harrison and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: January 14, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
hodg2136.1

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE ALLEN HODGES,

      Plaintiff,                        No. 2:08-cv-2136-JFM (PC)

   vs.

JOHN HARRISON, et al.,            NOTICE OF SUBMISSION

      Defendants.                 OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____    completed summons form

      _____    completed USM-285 forms

      _____    copies of the _____
                          Complaint/Amended Complaint

DATED:

                                                 _____
                                                 Plaintiff